IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

Attorneys for Plaintiff DEBRA VOLLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIKA BEDNARSKA,<br><br>Plaintiff<br><br>vs.<br><br>NEW PARKWAY ENTERTAINMENT, LLC, a California limited liability company; MATTHEW W. IGLEHART, as trustee of the Traverso Family Trust,<br><br>Defendants | Case No. 25-cv-6305<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

DOMINIKA BEDNARSKA ("Plaintiff") complains of Defendants NEW PARKWAY ENTERTAINMENT, LLC, a California limited liability company; and MATTHEW W. IGLEHART, as trustee of the Traverso Family Trust (collectively "Defendants") as follows:

**INTRODUCTION**

1.     This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business located at or about 474 24th St, Oakland, CA 94612, known as the New Parkway Theater. During her visits to the New Parkway

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
1

1  theater, Plaintiff repeatedly encountered accessibility barriers because the theater and its facilities
2  are inaccessible to persons who are mobility impaired.
3  2.      Defendants' lack of accessible facilities denied and continue to deny "full and equal"
4  access required by Title III of the Americans with Disabilities Act of 1990 and related California
5  civil rights laws. As a result, Plaintiff has been continuously denied full and equal access to the
6  New Parkway Theater and has been embarrassed and humiliated. Plaintiff seeks damages and
7  injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990
8  ("ADA") and injunctive relief for full and equal access and statutory damages under California
9  law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees,
10 litigation expenses and costs under federal and state law.

**JURISDICTION AND VENUE**

12 3.      This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for
13 violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant
14 and related causes of action, arising from the same facts, are also brought under California law,
15 including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights
16 Act.
17 4.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact
18 that the real property which is the subject of this action is in this District and that Plaintiff's
19 causes of action arose in this District.
20 5.      **Intradistrict Assignment:** This case should be assigned to the Oakland/San Francisco
21 intradistrict as the real property which is the subject of this action is in this intradistrict and
22 Plaintiff's causes of action arose in this intradistrict.

**PARTIES**

24 6.      Plaintiff is a person with physical disabilities, as defined by applicable California and
25 United States laws. Plaintiff is 45 years old and has cerebral palsy, a physical impairment that
26 substantially limits her ability to walk. Consequently, Plaintiff has relied on mobility aids since
27 birth and has used a power wheelchair since 2019. Plaintiff resides approximately one mile from

the New Parkway Theater.

7. Defendants are and at all relevant times were the owners, operators, lessors and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

8. Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## FACTUAL ALLEGATIONS

9. Defendants' noncompliance with the Americans with Disabilities Act, the Unruh Civil Rights Act, the California Health and Safety Code, and the Disabled Persons Act has resulted in the failure to provide persons with disabilities full and equal access to the services, privileges, benefits, and advantages offered at the New Parkway Theater. This failure has, in turn, led to unlawful discrimination against individuals with disabilities, including Plaintiff, in violation of both federal and state law.

10. The New Parkway Theater and its facilities, including, but not limited to, its entrances/exits, interior paths of travel, and restrooms are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of California Civil Code §§ 51 et seq.

11. On information and belief, the New Parkway Theater and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the New Parkway Theater construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

12. The New Parkway Theater stands out for its unique setup: instead of traditional rows of seats, it offers tables for full meal service, a hallmark of its business model and immersive

moviegoing experience. However, the theater's lack of accessible accommodations significantly hinders Plaintiff, a wheelchair user, from enjoying equal access to its facilities and services.

13. In Theater 1, designated accessible tables exist but are obstructed, rendering them unreachable for Plaintiff. These tables are also positioned at the back of the theater, limiting her viewing experience. In Theater 2, three tables are labeled as accessible but are wholly inadequate: one is too high, another too low, and a designated accessible booth forces Plaintiff to sit with her back to the screen, making it impossible to enjoy the film

14. On September 4, 2023, Plaintiff attended a Cat Festival at the New Parkway Theater, using a smaller wheelchair in an effort to navigate the space more easily due to the lack of designated wheelchair-accessible seating. No accessible tables were available. The transport-style wheelchair, chosen specifically for its compact size, had smaller wheels that required another person to push it. On that occasion, Plaintiff was accompanied by someone who could assist her. However, since then, securing such assistance has not been feasible. Despite her efforts to accommodate the theater's inaccessibility, Plaintiff was still denied full and equal access to the Parkway, including sufficient space to enjoy an equivalent movie-watching experience.

15. On June 20 and 22, 2024, Plaintiff attended a film festival at the theater with a friend. The provided table was inaccessible, digging into Plaintiff's legs and unstable.

16. On July 20, 2024, Plaintiff and her friend attended a screening of Thelma. The experience was deeply humiliating as Plaintiff was forced by staff to try out multiple inaccessible tables, repeatedly bumping into another patron's recliner. This disruption delayed the film's start, drawing unwanted attention and further embarrassing Plaintiff in front of other attendees. Later that evening, Plaintiff sent the following email to Defendants:

> To whom it may concern:
>
> Tonight I had another humiliating experience at your theater. There was no accessible seating for my wheelchair I was forced to go to the other side of the theater and repeatedly hit my chair into the person sitting next to me trying to

move into what you have as one of your designated wheelchair seating tables. The only other way to sit at that table in a functional manner would require sitting with one's back entirely to the screen. A position that no other seating requires in the entire theater. The other table marked accessible is a coffee table so low that people use it as an ottoman for their feet. I went to see the 6:30 showing of the movie Thelma. I am a power wheelchair user and I live in the neighborhood and really enjoy Independent films. I have been to the parkway several times in the last few months. Every single time I have complained about the lack of accessible seating and tables. The last two times I have requested help from staff to locate accessible seating even though there really is not any and there really are no wheelchair accessible tables at the appropriate height with foot clearance for food even though concessions and food is a significant part of your business. I believe I've come at least three times in the course of the last 3 months and despite my repeated complaints nothing has changed. State and federal law require you to provide accessible tables, accessible seating for wheelchair users including enough space for two wheelchair users to sit together and maneuver in and out of such spaces and also an accessible path in your theater. Per multiple state laws I am entitled to damages for accessibility barriers and disability discrimination. I'm willing to resolve this matter without an attorney but I ask that you purchase multiple accessible tables and configure your theaters so that there is wheelchair seating in all theaters next to the accessible tables. I also feel I should be compensated for the humiliation I went through. For example, tonight it held up the entire movie for almost 20 minutes. It was so embarrassing and one of the other patrons that I did not know came up to me afterwards to discuss how terribly I was treated and how inaccessible the theater was. After the movie I was only offered two tokens and I am not entirely sure what the tokens are for as compensation. By the time I was able to put it on a table which was not accessible because it did not have foot clearance and per theater staff it was also was unstable. I am entitled to compensation under these laws for each instance where I experience a barrier and accessibility or discrimination. You should consider this a demand letter. I am requesting that you reconfigure your theater is to create accessible seating that fully complies with all applicable federal and state laws and provide accessible tables that correspond to that seating so that patrons and wheelchairs can also eat comfortably. I am also requesting that you ensure there is an accessible path to and from wheelchair seating to the exits in each theater and that you compensate me in a more appropriate manner for the experiences I've undergone. I understand that you are an independent theater and I know this is not a lucrative business. I am happy to resolve this matter without an attorney if you take all necessary steps to make the theater accessible and also provide me with appropriate financial compensation as a outlined under the law. If I don't hear

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

from you in 30 days I will either file a claim in small claims court or retain an attorney. I am deeply disappointed in your lack of commitment to accessibility given your other progressive values. The city's ADA office may be able to provide you with the appropriate dimensions for accessible tables and accessible seating.  Or you may retain a California Certified Access Specialist. Either way it is your responsibility to comply with the law. I look forward to hearing from you and promptly and favorably resolving this matter in all aspects.

Sincerely,

Dominika Bednarska

17. Plaintiff received the following responsive email:

Hi Dominika--thank you so much for your note and we are so sorry to hear about the negative experience you had.  While it sounds like this was the third time that you had lodged a complaint, it's unfortunately the first time that it's come to my attention.  Please know that we will be looking into this immediately and hope to be able to get back to you shortly.  Thanks for bringing this to our attention!

Moses

18. On July 27, 2024, Moses emailed Plaintiff as follows:

Hi Dominika--sorry about the delay in getting back in touch with you!  We appreciate you pointing out a critical shortcoming of ours and, as a response, we'll be doing the following:

•Building some new tables that ensure that all of our patrons have both seating and accompanying tables that best serve them.
•Working with some of our wheelchair-using patrons to receive advice on how access can be improved.

Both of these should be completed during the month of August.  We hope that we can have you back then and treat you to a movie and a meal to make up for your past visit(s).

Please let us know if there's anything more we can do to address your concerns.  We want to win back your confidence and patronage!

Moses

19. Plaintiff responded that the proposed solution was not acceptable, writing in part:

While it is disappointing that you did not read my initial email, I will restate my demands here briefly,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

6

> 1. Hire a Certified Access Specialist to do an inspection of your theater. https://www.apps2.dgs.ca.gov/DSA/casp/casp_certified_list.aspx The City of Oakland may also provide these services. You can look into it.
> 2. Implement their recommendations especially with regard to accessible tables, and accessible seating ,path of travel and locate wheelchair accessible seats so that wheelchair users can comfortably view the screen, not facing away or right up against the screen please.
> 3. Understand that I am entitled to damages under the law for each time I have come to your theater in the last few years under California's Unruh Civil Rights Act ($4,000 per visit) https://calcivilrights.ca.gov/unruh/#remediesBody and/or the California Disabled Persons Act ($1,000 per visit) https://leginfo.legislature.ca.gov/faces/codes_displayText.xhtml?lawCode=CIV&division=1.&title=&part=2.5.&chapter=&article Please make me a reasonable monetary offer. One free meal is not sufficient.
> 4. Access requirements are legal requirements outlined in the law, and not determined by a focus group.
>
> I have a background in ADA enforcement, but if you would prefer to resolve this in court, it's not a problem for me. I was just trying to be sensitive to the fact that you are a small business and save you time and money.
> Sincerely,
> Dominika Bednarska

20. When Plaintiff requested specific monetary compensation in addition to the accessibility improvements, Moses, who now represented himself as the "general manager" indicated that he would be conveying over the offer to the Oversight Committee for consideration.

21. On October 30, 2024, Plaintiff received an email from Maggie Salop, a member of the Oversight Committee for the New Parkway. Ms. Salop asked to speak with Plaintiff by phone. Plaintiff indicated that she preferred to communicate in writing. After further email exchanges, Ms. Salop on December 4, 2024, finally agreed to provide a written response to Plaintiff's concerns, requested remediation, and monetary compensation, stating the following:

> Hi Ms. Bednarska,
>
> In such that an email is a written response, I am writing to you here.
>
> As I have said, I am happy to speak with you about your concerns, but the New Parkway Theater does not have any plans to provide a written response to any alleged accessibility concerns that you may have. We have definitely received your requests, but we are respectfully saying no. Again, I would be happy to talk about this, if you would like, to explain further. This type of back-and-forth via

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
7

> email does not seem to be an effective mode of communication for this matter — thus, my suggestion of the phone call.
>
> As you know, we are a community-serving arts and cultural business, and we intend to put our time and attention toward that work.
>
> Best regards,
>
> Maggie Salop

22. On October 31, 2024, Plaintiff declined a friends' invitation to a Halloween event at the theater, deterred by its ongoing inaccessibility.

23. On February 15, 2025, Plaintiff attended multiple screenings in Theater 1 but struggled to maneuver in and out of the designated wheelchair seating as there was no adequate room.

24. On February 16, 2025, during an Oscars screening, Plaintiff raised accessibility concerns to staff and was told to email the manager, despite having already done so without resolution.

25. On March 8, 2025, Plaintiff and a friend, also a wheelchair user, attended a screening of No Other Land in Theater 1. They could not find seating that allowed them to sit together with table access, resulting in an uncomfortable experience. Plaintiff's friend vowed never to return to the theater.

26. In May 2025, Plaintiff chose to visit another theater for movie screenings, driven by her repeated experiences of being denied equal access at the New Parkway Theater.

27. On May 2, 2025, Plaintiff attended a screening of The People's Joker. She was given an unreachable footstool table for her popcorn and instructed to sit at the front, further compromising her experience.

28. On May 19, 2025, Plaintiff was deterred from attending a screening of Freaky Friday due to the persistent lack of accessible tables.

29. On June 22, 2025, during a screening of Serpent Skin, Plaintiff requested a folding table to comfortably enjoy her meal. In response, "Nico," the manager, dismissed the request, stating that Plaintiff was "being a lot." Although a table was eventually provided, the employee refused to place it in front of Plaintiff and stated that she was not allowed to move any furniture around

1 her. This was even though the employee had previously directed Plaintiff to that seating area, even after Plaintiff expressed concern that there would be no room for a table. Additionally, the employee declined to refund Plaintiff for her cold nachos, which she was forced to eat off to the side.

30. On June 23 and 24, 2025, Plaintiff had purchased tickets for a film festival at the New Parkway Theater but chose not to attend due to the theater's ongoing accessibility issues.

31. Plaintiff remains eager to enjoy films at the New Parkway Theater but is consistently deterred by its ongoing inaccessibility. The absence of functional, accessible tables and seating continues to deny her the full and equal enjoyment of the theater's offerings, often forcing her to either seek alternative venues or forgo the experience entirely. For instance, on October 31, 2024, Plaintiff declined an invitation to attend a screening of The Exorcist at the Parkway specifically to avoid the anticipated accessibility challenges. On multiple occasions, she has chosen not to attend films at the Parkway—even when it meant coordinating transportation and assistance with others to visit a more accommodating theater. If the Parkway were accessible, Plaintiff would likely attend screenings weekly or biweekly, as she is an avid moviegoer.

32. Prior to initiating this action, Plaintiff's counsel retained a CASp-expert to conduct a pre-litigation sub rosa site inspection of the subject property in order to verify Plaintiff's observations and determine whether sufficient grounds existed to proceed with a formal complaint. While the CASp-expert was unable to take detailed measurements, the inspection confirmed numerous accessibility barriers, many of which substantiated Plaintiff's personal experience, and others that reflected additional areas of serious noncompliance as follows: (1) the lounge area lacks accessible seating, as all of the tables are too high for wheelchair users; (2) the lower cashier counter does not meet accessibility standards, as it is not 36 inches wide because it is not kept clear of objects; (3) the mezzanine level lacks any ADA-compliant seating, as none of the seats offer sufficient knee space for wheelchair users; (4) In Theater 1, the upper-level seating is inaccessible because of steps unless reached via the mezzanine. However, even if there was access to the upper level, there is no ADA seating next to the couches, and no path of

travel to the couches due to the variation of levels; (5) The designated accessible tables in the lower level of Theater 1 are inadequate, measuring less than 19 inches in depth and less than 30 inches in width. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

33. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to her continued or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

34. Defendants knew, or should have known, that these elements and policies rendered New Parkway Theater inaccessible, violate state and federal law, and interfere with or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make the New Parkway Theater accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to the New Parkway Theater.

35. As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of her civil rights emotional discomfort, and denial of rights to full and equal access to public accommodations, all to her general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused her difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, under federal and state law.

36. Plaintiff's goal is to make the New Parkway Theater accessible to persons with similar mobility disabilities.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

37. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

38. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as she has impairments that substantially limit one or more major life activities.

39. Plaintiff has reasonable grounds for believing she will be subjected to discrimination each time he may attempt to access and use the subject facilities.

40. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

41. The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it.

42. Plaintiff alleges on information and belief that New Parkway Theater was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing or constructing (or both) the New Parkway Theater in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

43. The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

44. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

45. Plaintiff alleges on information and belief that the New Parkway Theater was modified after January 26, 1992. Any alterations, structural repairs, or additions since January 26, 1992, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

46. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities, including

an unequal movie watching experience; (b) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (c) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the New Parkway Theater available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to the New Parkway Theater and as of the filing of this Complaint, the subject premises have continued to wrongfully deny her the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA.

47.     Having accessible tables at the theater is a fundamental necessity. Without this ability, Plaintiff is unable to available herself of the goods and services offered at the subject premises on a full and equal basis. Therefore, the benefits of creating access do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

48.     Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as she is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination.

49.     Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]

50. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

51. The New Parkway Theater is a business establishment within the meaning of the Unruh Act.

52. Defendants are the owners and/or operators of a business establishment.

53. Defendants violated the Unruh Act by their acts and omissions:

**a.** Failure to construct or alter the New Parkway Theater in compliance with state building code and state architectural requirements;

**b.** Failure to remove known barriers to access at the New Parkway Theater; and

**c.** Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

54. Plaintiff has experienced barriers to access at the New Parkway Theater, all of which have caused her major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

55. On information and belief, the New Parkway Theater is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

56. These barriers to access render the New Parkway Theater and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

57. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

58. Regarding Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, the Defendants' behavior was intentional. They were aware of, or were made aware of, their duty to remove barriers that prevent persons with mobility disabilities, like Plaintiff, from obtaining full and equal access to the New Parkway Theater. This awareness is especially pertinent given that Defendants had already been sued for denying full and equal access due to architectural barriers at the New Parkway Theater. Despite agreeing to make accessibility improvements in the previous lawsuit, they consciously chose not to do so. Defendants' discriminatory practices and policies, which deny full enjoyment of the New Parkway Theater to persons with physical disabilities, reveal actual and implied malice and a conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Consequently, Defendants have engaged in willful affirmative misconduct in violating the Unruh Act.

59. Access features of the New Parkway Theater have not been improved since Plaintiff's last visit there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

60. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that the barriers at the New Parkway Theater violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:

### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

**[Cal. Health and Safety Code §§19955 *et seq.*]**

61. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

62. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

63. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

64. On information and belief, portions of the New Parkway Theater and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the New Parkway Theater and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the New Parkway Theater to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

65. Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the New Parkway Theater and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

66. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

67. The New Parkway Theater is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

68. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied her right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CLAIM:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### [Cal. Civil Code §§ 54 *et seq.*]

69. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

70. The New Parkway Theater is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

71. The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

72. The CDPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

73. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA,

California Civil Code § 54.1(d).

74.     Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

### PRAYER FOR RELIEF:

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants alleged here, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.     Plaintiff requests a declaratory judgment that Defendants violated the Americans with Disabilities Act.

3.     Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with it:[1]

    a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.  To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at the New Parkway Theater;

    c.  To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the New Parkway Theater;

    d.  To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all

---

[1] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

barriers to access where "readily achievable;"

    e.    To maintain such accessible facilities once they are provided;

    f.    To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the New Parkway Theater; and

    g.    To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the New Parkway Theater.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: July 28, 2025                                          ALLACCESS LAW GROUP

                                                                   */s/ Irakli Karbelashvili*
                                                                   By IRAKLI KARBELASHVILI, Esq.
                                                                   Attorney for Plaintiff
                                                                   DOMINIKA BEDNARSKA

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: July 28, 2025               ALLACCESS LAW GROUP

                                                   _/s/ Irakli Karbelashvili_
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
DOMINIKA BEDNARSKA